ANSTEAD, Judge.
The appellant, Randall Payne, seeks to reverse his convictions for conspiracy to commit robbery and armed robbery on the grounds that the state was allowed to comment on a defense witness’ prior assertion of his right to remain silent. We find no error and affirm.
Payne and Claude Ross parked Ross’ van, with the engine left running, near a drugstore. They entered the drugstore and while Payne lingered at a merchandise counter, Ross presented the druggist with a note which stated that a person to Ross’ left had a gun and that the druggist should give Ross a bottle of certain drugs. The druggist complied and Payne and Ross left the store, hurried to the van and drove away. They then changed their clothes and hid the drugs in the van.
When the van was first parked near the drugstore a neighborhood resident became suspicious and immediately after the robbery furnished the police with the license number of the van. The van was stopped shortly thereafter and Payne and Ross arrested. In addition to the above, there was also evidence that Payne helped write the note or at least was aware of the note.
At the trial Payne claimed he went innocently into the drugstore with Ross knowing nothing about the note and Ross’ plan to rob the druggist. He attributed his actions after the robbery to panic when Ross first informed him of his actions after getting back into the van. Payne called Ross as a witness in his behalf, and Ross testified in support of Payne’s innocent involvement. Ross had earlier pled guilty to the robbery. On cross examination the prosecution, over objection, was allowed to elicit the fact that Ross had not spoken out in Payne’s behalf until taking the stand at trial.
There is no question but that the prosecution is precluded from commenting on a defendant’s right to remain silent. Bennett v. State, 316 So.2d 41 (Fla.1975). However, when a defendant calls a witness, that witness is subject to the full right of cross examination by the state including inquiry into any matters which might tend to impeach the credibility of the witness. Baxter v. State, 294 So.2d 392 (Fla. 4th DCA 1974). The only prejudice to the defendant here is the possible impeachment of the testimony of one of his witnesses. That is a risk of prejudice incurred by the defendant whenever he calls any witness. The defendant has no right to be protected from such prejudice. This is entirely different from the prejudice suffered by a defendant when his assertion of his right to remain silent is used against him. He has an absolute right to be protected from that prejudice. Bennett v. State, supra. No rights of Payne were violated by eliciting the fact that Ross had remained silent about Payne’s innocence until trial, and hence Payne is in no position to complain. Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969).
We are not faced with the situation where the prosecution calls a co-defendant as a witness knowing that the co-defendant will invoke his privilege against self incrimination in the presence of the jury. Hankerson v. State, 347 So.2d 744 (Fla. 4th DCA 1977). Here the co-defendant was intentionally called by Payne to acknowledge the co-defendant’s guilt and to support Pane’s claim of innocence. For these reasons the judgment and sentence are affirmed.
DREW, E. HARRIS (Retired), and STET-TIN, HERBERT, Associate Judges, concur.