512 So.2d 984 (1987)
Anthony J. LaPORTE, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2817.
District Court of Appeal of Florida, Second District.
August 12, 1987.
Rehearing Denied September 25, 1987.
*985 James Marion Moorman, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Gary O. Welch, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Judge.
Appellant, Anthony J. LaPorte, was convicted of five felony counts of interception of oral communications in violation of section 934.03, Florida Statutes (1983), and one misdemeanor count of a scheme to defraud in violation of section 817.035(1), Florida Statutes (1983). Appellant was sentenced to concurrent terms of five years imprisonment on the five felony counts and one year concurrent term for the misdemeanor count.
Appellant appeals his convictions and sentences and raises four points on his appeal. We affirm. In doing so, we find it unnecessary to address, at any length, three of appellant's issues. The first of those three issues concerned the failure of the trial court to grant appellant's motion for judgment of acquittal on the misdemeanor scheme to defraud charge. That issue goes to the sufficiency of the evidence and we find that there was sufficient evidence to go to the jury. The jury heard the evidence, were adequately charged as to the elements of the offense and determined appellant was guilty. We find no cause to disturb that verdict.
Another of appellant's three issues we address briefly was the failure of the trial court to suppress video tapes appellant claims were the subject of a warrantless search. The tapes were lawfully acquired by law enforcement authorities. Four of the tapes had been abandoned. See Godbee v. State, 224 So.2d 441 (Fla. 2d DCA 1969). Another of the tapes was brought to the law enforcement authorities by the person whose image was revealed on the tape, who had viewed the tapes herself and consented to the law enforcement viewing of the tape. We consider that those circumstances do not constitute a violation of Walter v. United States, 447 U.S. 649, 100 S.Ct. 2395, 65 L.Ed.2d 410 (1980).
The final of the three issues appellant raised that we only briefly address dealt with the exclusion of defense witnesses after the state objected because of discovery violations and relevance. We find no error in that exclusion.
We come finally to the issue raised by appellant that we have determined should be more fully addressed. Appellant challenges his convictions for unlawful interception of oral communications primarily on the ground that the women whose words were recorded had no reasonable expectation of privacy while they were in appellant's place of business. Appellant relies principally on State v. Inciarrano, 473 So.2d 1272 (Fla. 1985).
*986 Before discussing Inciarrano, a digest of the facts of this case is important to our decision.
All six of the crimes for which appellant was convicted occurred between October 10, 1984 and October 24, 1984. Appellant during that time operated Tal-Mod Modeling Studio in Tampa, Florida. The charges of unlawful interception of oral communications against appellant involve six young women who came to his studio originally because of appellant's advertising. On most occasions, he encouraged them to return for a subsequent "modeling-video" session. Each of the incidents followed an extremely similar pattern. The young ladies would be asked to bring several changes of clothing to appellant's studio so they could be video-taped in different types of clothing. Unknown to the young ladies was the fact that as appellant would leave the room for them to change clothing, he would leave the video tape running and also record their voices during that time. He, thus, without their knowledge, video-recorded them in various stages of undress and also recorded whatever they might say during that time. Each of the young ladies testified that had they known their voices were being recorded, they would not have spoken or would not have spoken as they did. In all of the instances, the young ladies were never shown the video tape by appellant. In several instances, he informed them that the tapes had been destroyed and asked that they return for further recording sessions.
In Inciarrano, the court held:
This expectation of privacy does not contemplate merely a subjective expectation on the part of the person making the uttered oral communication but rather contemplates a reasonable expectation of privacy. A reasonable expectation of privacy under a given set of circumstances depends upon one's actual subjective expectation of privacy as well as whether society is prepared to recognize this expectation as reasonable. Shapiro v. State, 390 So.2d 344 (Fla. 1980), cert. denied, 450 U.S. 982, 101 S.Ct. 1519, 67 L.Ed.2d 818 (1981).
To prevail Inciarrano must not only have had a subjective expectation of privacy, but also his expectation under the circumstances must have been one that society is prepared to recognize as reasonable. (Emphasis in original.)
473 So.2d at 1275.
We conclude that the evidence as found by the jury in this case meets that Inciarrano test. The young ladies testified that they did not expect their voices to be recorded and, therefore, expected what they said while in a state of undress or in the process of changing clothes would be private. We further conclude that society is prepared to accept as reasonable that expectation of privacy under the circumstances that the evidence in this case discloses.
We do not conclude from the language of our supreme court in Inciarrano that the private conversation that is surreptitiously recorded must in and of itself be a conversation that contains privileged communications. Section 934.02(2) defines "oral communication" as "any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation and does not mean any public oral communication uttered at a public meeting." (Emphasis supplied.)
Therefore, we conclude that the legislature intended that if the person whose conversation or voice is being recorded expects that their conversation or voice will not be recorded and the circumstances justify that expectation and society is prepared to accept that expectation as reasonable, a violation of section 934.03 has occurred regardless of whether the recorded words are of a private nature or privileged content.
Affirmed.
DANAHY, C.J., and HALL, J., concur.