642 So.2d 572 (1994)
Louis Donald CINCI, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1619.
District Court of Appeal of Florida, Fourth District.
June 1, 1994.
Order Denying Rehearing August 31, 1994.
Kenneth G. Spillias of Law Office of Kenneth G. Spillias, P.A., West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We affirm Louis Donald Cinci's conviction and sentence for aggravated battery *573 with a firearm. We agree with Judge Glickstein's dissent that it was error for the trial court to take judicial notice of the date on which defense counsel filed his witness list. As the dissent very ably points out, the prosecutor had sufficient competent evidence with which to refute the wife's version of the events without the use of the witness list. However, we hold that other factors at trial cured any prejudice that may have otherwise resulted from this error. First, the trial court permitted defense counsel to be heard and, at his request, the court recessed for lunch and permitted defense counsel to speak with the previous defense attorney who filed the witness list. Second, defense counsel called the attorney who filed the witness list as a witness during trial. That attorney explained to the jury the reason Mrs. Cinci's name was not earlier provided to the state as a witness. Thus, we hold that any prejudice that may have resulted from the trial court's improper taking of judicial notice was dissipated by that testimony. The jury considered and weighed the testimonies of all of the witnesses and returned a verdict of guilty. We can state beyond a reasonable doubt that the error complained of did not contribute to the guilty verdict. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
We also find no merit in appellant's second point on appeal. While we agree that the trial court incorrectly relied upon State v. Inciarrano, 473 So.2d 1272 (Fla. 1985),[1] we nevertheless hold that the trial court properly admitted into evidence the tape recording of appellant's conversation with Shelly Bellerud. The taped conversation occurred in the apartment building courtyard. Conversations occurring inside an enclosed area or in a secluded area are more likely to be protected under section 934.02(2). See Ruiz v. State, 416 So.2d 32 (Fla. 5th DCA 1982); Chandler v. State, 366 So.2d 64 (Fla. 3d DCA 1978), cert. denied, 376 So.2d 1157 (Fla. 1979), aff'd, 449 U.S. 560, 101 S.Ct. 802, 66 L.Ed.2d 740 (1981). Moreover, the tape recording contents are also admissible because appellant's statements to Shelly Bellerud made during that conversation in the courtyard is evidence that appellant was attempting to evade prosecution. Thus, the contents are relevant to prove consciousness of guilt. See Sireci v. State, 399 So.2d 964 (Fla. 1981).
Accordingly, we affirm.
GUNTHER and POLEN, JJ., concur.
GLICKSTEIN, J., dissents with opinion.
GUNTHER, J., did not participate in oral argument but has reviewed the presentation made at that proceeding.
GLICKSTEIN, Judge, dissenting.
The information charged appellant with aggravated battery with a firearm pursuant to sections 784.05 and 775.087(2), Florida Statutes. The jury returned a verdict of guilty as charged, and judgment and sentence were entered. I would reverse because of perceived harmful error.
The evidence presented at trial revealed that on November 25, 1991, appellant and Louis Aiello had two altercations at the scene in Broward County. The second altercation resulted in Aiello being wounded by a gunshot that appellant fired. What led up to the altercations and the manner in which the shooting occurred were hotly contested issues and the evidence presented was both contradictory and lengthy. Mr. Aiello, the victim, was the state's chief witness. Appellant testified in his own behalf as did his wife.
While cross-examining appellant, the prosecutor succeeded in having the trial court take "judicial notice" of the date on which previous defense counsel had filed his witness list, where the name of appellant's wife first appeared in a pleading; and to inform the jury of that date. I believe it was needless, irrelevant theatrics occasioned by the prosecutor's apparent belief that appellant's wife was not telling the truth. The prosecutor had plenty of competent evidence to contradict her version of the episode without use of an illegitimate device. What the prosecutor missed, in the decision to use the date of filing as a means to discredit the wife, was the fact that the *574 wife did not control the filing of the witness list  if she ever knew there was such a thing. The lawyer controlled that. Further, given the interest of the defendant and his wife in the outcome of the criminal proceeding, as well as that of the victim in his civil action against appellant, all of their credibility was for the jury to determine.
Until the present case, this court had approved attacks upon a witness's credibility by the initial silence of the witness when the witness controlled the decision whether to speak or remain silent. See Holmes v. State, 565 So.2d 824 (Fla. 4th DCA 1990); rev. denied, 576 So.2d 287 (Fla. 1991); Payne v. State, 356 So.2d 12 (Fla. 4th DCA 1977). Surely, it was fair for the prosecutor to ask the investigating officers who came to arrest appellant at his home in Palm Beach County  as was done  whether appellant's wife came forward to say she saw the incident. It was equally fair for the jury to hear, as it did from the wife, that when the officers came to their home, she was not asked any questions by the officers; and that she told her husband's lawyer that she was a witness the next day "or so." Moreover, the jury had to size up one witness who saw the wife at the Broward apartment building where the incidents took place and other witnesses who did not see her in a vehicle at the scene.
In short, there was plenty for the jury to see  or see through  without the needless theatrics here. I cannot say the error discussed herein was harmless.

ON MOTION FOR REHEARING
PER CURIAM.
We deny the motion for rehearing, there being nothing of substance which the court has failed to consider.
However, the first sentence of the dissent's third paragraph contains a factual error; therefore, that sentence of the dissent is corrected to read:
GLICKSTEIN, GUNTHER and POLEN, JJ., concur.
NOTES
[1] The tape recording in Inciarrano, which the murder victim secretly made of his own murder, was made inside the victim's home. This fact raises considerations regarding the defendant's expectation of privacy which are not present in the instant case.