667 So.2d 410 (1996)
James Arthur STEVENSON, Appellant,
v.
STATE of Florida, Appellee.
No. 94-3281.
District Court of Appeal of Florida, First District.
January 16, 1996.
Rehearing Denied February 20, 1996.
*411 Nancy A. Daniels, Public Defender; David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
LAWRENCE, Judge.
James Arthur Stevenson (Stevenson) pled nolo contendere to one count of possession of cocaine, expressly reserving the right to appeal the trial court's denial of his motion to suppress evidence. We affirm.
The evidence, as revealed at the suppression hearing, indicates the incident occurred in an area known for illegal drug activity. Deputy Michael Miller was conducting surveillance with the assistance of light-enhancing binoculars and "bionic ears." During this surveillance, Miller observed several vehicles drive in and out of the area. Men approached these vehicles as they stopped, and Miller observed transactions being made. Around 9:15 p.m., Miller observed the reappearance of the same white van, which had been in the area several times that evening without making any contact. The van stopped just north of an intersection and two men approached it. Miller was approximately fifty to seventy-five feet away. Using the "bionic ears," Miller overheard one of the men tell an occupant in the vehicle, "I've got better shit than he does," apparently referring to the other man who approached the van. Miller then observed one of the men reach inside the van, withdraw his hand, reach inside the van again, and pull out what looked like United States currency. Miller testified he had been involved in excess of five hundred transactions, was familiar with the language used in the street, and the language used in the above statement was language typically used in buying or selling illegal drugs. Miller testified that the only conversation he heard was that which took place between the two men talking outside the vehicle. He did not hear any communication by Stevenson.
The van departed, and Miller relayed the information to another officer so that the van might be stopped for investigative purposes. After obtaining permission to search the vehicle, a trained canine subsequently "alerted" on an area inside the van where cocaine was found. The trial court denied Stevenson's motion to suppress the statement and contraband obtained in the stop.
On appeal, Stevenson argues the evidence was unlawfully obtained through an unlawful investigatory stop of the vehicle he was driving. He contends the stop was based on his private conversations within the vehicle, which were intercepted through the warrantless use of sensory devices, in contravention of chapter 934, Florida Statutes (1993). He argues that he and the two men outside the van had a reasonable expectation that their conversation would not be intercepted. In response, the State argues the conversation at issue fell outside the purview of chapter 934. We agree.
*412 We find the intercepted communication does not constitute an "oral communication" within the meaning of chapter 934, and therefore the police did not need a warrant prior to its interception. §§ 934.03, 934.07, Fla. Stat. (1993). Section 934.02(2), Florida Statutes (1993), defines "oral communication" as "any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation and does not mean any public oral communication uttered at a public meeting or any electronic communication." The Florida Supreme Court has interpreted the test set forth in this definition as substantially the same test used in a Fourth Amendment right to privacy analysis. Mozo v. State, 632 So.2d 623 (Fla. 4th DCA 1994), approved, 655 So.2d 1115 (Fla. 1995). For a conversation to qualify as "oral communication," "the speaker must have an actual subjective expectation of privacy" in his oral communication, and society must be prepared to recognize the expectation as reasonable under the circumstances. State v. Smith, 641 So.2d 849, 852 (Fla. 1994). Where both elements are present, the statute has been violated whether the intercepted communication is private in nature or not. LaPorte v. State, 512 So.2d 984 (Fla. 2d DCA 1987), review denied, 519 So.2d 987 (Fla. 1988).
In this case, we doubt that Stevenson had an actual subjective expectation of privacy in the conversation with the two men outside the van in the road. There was no evidence that the occupants of the van made any effort or otherwise took precautions to keep the conversation private. Nevertheless, even if we were to assume Stevenson did have a subjective expectation of privacy in this conversation, we find that Stevenson's expectation of privacy is not one that society is prepared to recognize as reasonable under the circumstances in this case.
A significant factor used in determining the reasonableness of the defendant's expectation of privacy in a conversation is the location in which the conversation or communication occurs. "Conversations occurring inside an enclosed area or in a secluded area are more likely to be protected under section 934.02(2)." Cinci v. State, 642 So.2d 572, 573 (Fla. 4th DCA 1994) (no reasonable expectation of privacy in conversation that occurred in apartment building courtyard), review denied, 651 So.2d 1192 (Fla. 1995); LaPorte v. State, 512 So.2d 984 (Fla. 2d DCA 1987) (reasonable expectation of privacy in conversations women had while changing their clothes in modelling studio); Chandler v. State, 366 So.2d 64 (Fla. 3d DCA 1978) (no reasonable expectation of privacy in open-air conversations conducted through commercially sold walkie-talkies), cert. denied, 376 So.2d 1157 (Fla. 1979), aff'd, 449 U.S. 560, 101 S.Ct. 802, 66 L.Ed.2d 740 (1981). Here, the van stopped in the road just north of an intersection. The intercepted communication was made in an open, public area rather than in an enclosed, private, or secluded area.
Other significant factors used in determining the reasonableness of the defendant's expectation of privacy are the manner in which the oral communication is made and the kind of communication. See State v. Inciarrano, 473 So.2d 1272 (Fla. 1985) (defendant who entered victim's office with intent to murder victim did not have reasonable expectation of privacy); Department of Agric. & Consumer Servs. v. Edwards, 654 So.2d 628 (Fla. 1st DCA 1995) (finding no justifiable expectation of privacy in statements due to number of persons present when statements were made, place chosen for persons present when statements were made, place chosen for interview, and very nature of interview), review denied, 662 So.2d 931 (Fla. 1995). In this case, the circumstances surrounding the making of the statement were highly suggestive of criminal activity (i.e., a drug transaction): the same van passed through a known drug area several times that evening without stopping; when the van finally did stop, it stopped in a public roadway and two men approached it; one of the men who approached the van reached his hand inside, withdrew it, reached inside the van again, and withdrew what appeared to be cash. Moreover, the parties took no action to ensure privacy for their conversation  they met on a public street and did not attempt to enter the van to converse.
*413 On these facts, we find Stevenson's claimed expectation of privacy in the communication at issue is one society would likely not recognize as reasonable. Thus, the statement does not qualify as an "oral communication" within the meaning of chapter 934, and the prohibition against using intercepted oral communications as evidence, contained in section 934.06, Florida Statutes (1993), is also not applicable. Therefore, the trial court did not err in denying Stevenson's motion to suppress.
Accordingly, we AFFIRM Stevenson's judgment and sentence.
ERVIN and MICKLE, JJ., concur.