669 So.2d 280 (1996)
Keith Douglas BRANDIN, Appellant,
v.
STATE of Florida, Appellee.
No. 94-3069.
District Court of Appeal of Florida, First District.
February 6, 1996.
Rehearing Denied March 29, 1996.
*281 Nancy A. Daniels, Public Defender; Kathleen Stover, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
VAN NORTWICK, Judge.
Keith Douglas Brandin, convicted of possession of cocaine, seeks reversal of the order denying his motion to suppress the fruits of a search which involved the warrantless use by the police of a device to listen to Brandin's conversation on a public street.[1] We affirm because, disregarding the intercepted conversation, the totality of the circumstances created a basis for well-founded suspicion sufficient to support the search.
The evidence produced at the suppression hearing reveals that a deputy of the Street Crimes Unit of the Escambia County Sheriff's Department was conducting a surveillance in a "known narcotics area" using light intensified binoculars and so-called "bionic ears," devices that intensify sound to allow the perception of noise not otherwise audible to the ordinary human ear. At approximately 9:15 p.m., a time when it was dark, the deputy observed Brandin's truck drive into the area and come to a stop in the middle of the road. Miller then observed two men approach the truck from the side of the road and conduct a conversation with Brandin through his truck window; part of the conversation was overheard by the deputy using the bionic ears. The deputy then observed "an exchange of hands." Thereafter, the two men left Brandin's truck and returned to a side yard, and Brandin drove off. Miller radioed a description of the vehicle to another officer who in turn stopped Brandin's truck. A canine subsequently "alerted" on the vehicle and Brandin was arrested and searched.
Brandin sought to suppress the fruits of the search, arguing at the suppression hearing that the use of the bionic ears was improper because police did not first obtain a warrant. The lower court rejected this argument without a detailed explanation.
On appeal, appellant again argues that warrantless use of the bionic ears was improper because it constitutes an unauthorized interception of an "oral communication" in violation of Chapter 934, Florida Statutes (1993). Section 934.03 provides in part that any person who intercepts an "oral ... communication" is guilty of a felony. An "oral communication" is defined in section 934.02(2) as:
any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation and does not mean any public oral communication uttered at a public meeting or any electronic communication.
Section 934.07 provides that a state attorney may authorize an application to a judge for an order authorizing the interception of an oral communication by a law enforcement officer when interception may lead to the evidence of one of the criminal offenses listed therein.
The state argues that court authorization was not required in the instant case because the conversation between Brandin and the two men who gathered at his car window did not qualify as an "oral communication" since there is no expectation of privacy of conversation in a public street. We cannot agree with the state's assertion that conversations occurring in public areas can never be made with an expectation of privacy. Common experience teaches that the opposite may often be true. In the context *282 of the Fourth Amendment[2] the supreme court has observed that:
The effort to decide whether or not a given "area," viewed in the abstract, is "constitutionally protected" deflects attention from the problem presented.... For the Fourth Amendment protects people, not places. What a person knowingly exposes to the public, even in his home or office, is not a subject of Fourth Amendment protection. [Citations omitted.] But what he seeks to preserve as private, even in an area accessible to the public, may be constitutionally protected.
Katz v. United States, 389 U.S. 347, 351, 88 S.Ct. 507, 511, 19 L.Ed.2d 576 (1967) (Emphasis added; footnote omitted).
Although we cannot accept the blanket proposition that under Chapter 934 the police are free to intercept communications made on public streets without obtaining judicial assent, we do not need to resolve that issue here.[3] As the state also argues, the denial of suppression here may be affirmed without regard to the conversation intercepted by use of the bionic ears.
It is well-established that a ruling on a motion to suppress is presumptively correct. Johnson v. State, 608 So.2d 4 (Fla. 1992). When reviewing an order regarding a motion to suppress, an appellate court is to interpret the evidence in a light most favorable to sustaining the lower court's ruling. Id. "In determining whether an officer possesses a reasonable or well-founded suspicion of criminal activity so as to justify an investigatory stop, `the totality of the circumstancesthe whole picturemust be taken into account.'" State v. Pye, 551 So.2d 1237, 1238 (Fla. 1st DCA 1989), citing, Tamer v. State, 484 So.2d 583, 584 (Fla.1986). As was explained in Pye, a well-founded suspicion "has some factual foundation in the circumstances observed by the officer, when those circumstances are interpreted in the light of the officer's knowledge." Id., quoting, State v. Stevens, 354 So.2d 1244, 1247 (Fla. 4th DCA 1978). As this court explained in Cobb v. State, 642 So.2d 656, 658 (Fla. 1st DCA 1994), a well-founded suspicion "need not be sufficiently fact-based to rise to the level of probable cause for arrest, but it must be enough to draw the officer's attention to something more specific than a wide, unparticularized range of potential suspects."
In the instant case, we find that there is a sufficient factual basis in the record to affirm the denial of suppression without regard to the contents of the conversation overheard with the aid of the bionic ears. As indicated, Brandin was seen in a known narcotics area at night. He stopped his car in the middle of the street where he was approached by two individuals. These two individuals conversed with Brandin at his car window; at which time an exchange was observed. Brandin then drove away and the other two walked back onto a side yard. We believe that these facts, when viewed by a police officer in the Street Crimes Unit, are sufficient to constitute a suspicion of criminal activity well-founded in fact.
We recognize that there are numerous cases holding that mere presence in a high crime area coupled with furtive movement does not justify a stop. See e.g., Baggett v. State, 531 So.2d 1028 (Fla. 1st DCA 1988), and Daniels v. State, 543 So.2d 363 (Fla. 1st DCA 1989). Here, however, the totality of circumstances is sufficiently indicative of the modus operandi of narcotics dealers and purchasers to justify the stop. Compare, Adams v. State, 523 So.2d 190 (Fla. 1st *283 DCA 1988), and Piediscalzo v. State, 549 So.2d 255 (Fla. 2d DCA 1989).
AFFIRMED.
WOLF and WEBSTER, JJ., concur.
NOTES
[1] While the instant notice of appeal concerns two separate convictions which stemmed from two separate criminal episodes, and while each conviction was entered following a denial of a distinct motion to suppress, appellant presents argument only with respect to one of the convictions, circuit court case # 94-1058-J.
[2] Only an oral communication "uttered by a person exhibiting an expectation that such a communication is not subject to interception under circumstances justifying such expectation" falls within the ambit of statutorily protected communications. § 934.02(2), Fla.Stat. In weighing the expectations of privacy of a communicant so as to determine the applicability of Chapter 934, the jurisprudence of the Fourth Amendment sets the plumb line on which the privacy analysis is constructed. See, C. Slobogin & J. Schumacher, Reasonable Expectations of Privacy and Autonomy in Fourth Amendment Cases: An Empirical Look at "Understandings Recognized and Permitted by Society," 42 Duke L.J. 727 (1993).
[3] See this court's opinion in Stevenson v. State, 667 So.2d 410 (Fla. 1st DCA 1996), as an example of the analysis to be employed when passing on the question of whether a conversation may be considered an oral communication under Chapter 934, F.S.