NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOSEPH E. ABDO,                          )
                                         )
          Petitioner,                    )
                                         )
v.                                       )          Case No. 2D13-5644
                                         )
STATE OF FLORIDA,                        )
                                         )
          Respondent.                    )
_____ )

Opinion filed August 1, 2014.

Petition for Writ of Certiorari to the Circuit
Court for Hillsborough County; Lisa D.
Campbell, Judge.

Lee Segal of Segal & Schuh Law Group,
P.L., Clearwater, for Petitioner.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Susan D. Dunlevy,
Assistant Attorney General, Tampa, for
Respondent.


CASANUEVA, Judge.

          Joseph E. Abdo petitions for a writ of certiorari seeking review of an order

denying his emergency motion for protective order.  Mr. Abdo's motion for protective

order sought to expunge a video and voice recording of Mr. Abdo, which the State

seeks to use as evidence in criminal cases to which Mr. Abdo is not a party.  Mr. Abdo

argues the recording was taken without his knowledge or consent and thus is subject to exclusion pursuant to chapter 934, Florida Statutes (2013). After hearing argument of counsel and viewing the video, the trial court concluded that the recorded communication was not subject to exclusion pursuant to chapter 934. For the reasons stated below, we grant Mr. Abdo's petition, quash the order of the trial court, and remand for an evidentiary hearing.

To obtain relief by certiorari, the petitioner must establish "both irreparable harm, further defined as a material injury that cannot be remedied on plenary review, and a departure from the essential requirements of the law." Allstate Ins. Co. v. Total Rehab & Med. Ctrs., Inc., 123 So. 3d 1162, 1163 (Fla. 4th DCA 2013). The trial court's order in this case meets the irreparable harm prong of our analysis, as it would make available to the public the recording Mr. Abdo seeks to protect as private pursuant to chapter 934, and the harm could not be remedied on appeal due to Mr. Abdo's nonparty status. See Dep't of Corr. v. Grubbs, 884 So. 2d 1147, 1147 (Fla. 2d DCA 2004) (stating petitioner's nonparty status in criminal proceedings left it with no adequate remedy by direct appeal); Armor Corr. Health Servs., Inc. v. Ault, 942 So. 2d 976, 977 (Fla. 4th DCA 2006) ("Because Armor is not a party to the criminal case, a direct appeal in that case will not provide it with relief."); Fla. Dep't of Health & Rehabilitative Servs. v. Myers, 675 So. 2d 700, 701 (Fla. 4th DCA 1996) (determining that petitioner, a nonparty to the action, lacked an adequate remedy by direct appeal after final judgment). Absent review via petition for writ of certiorari, Mr. Abdo would be left with no adequate remedy on appeal and would be denied the safeguards provided for in chapter 934. Cf. McDade v. State, 114 So. 3d 465, 469-71 (Fla. 2d DCA 2013)

(reviewing, on direct appeal by defendant, whether recording should have been suppressed pursuant to chapter 934).

Next, we must determine whether the trial court's order departs from the essential requirements of law under chapter 934. The stated legislative purpose of chapter 934 is "to define the circumstances and conditions under which the interception of wire and oral communications may be authorized and to prohibit any unauthorized interception of such communications and the use of the contents thereof in evidence in courts and administrative proceedings." § 934.01(2).

"Oral communication" is defined as "any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation . . . ." § 934.02(2). Protection under chapter 934 requires not only a subjective expectation of privacy, but the expectation must also be reasonable in order for the communication to be protected. State v. Inciarrano, 473 So. 2d 1272, 1275 (Fla. 1985).

Significant factors used in determining the reasonableness of the utterer's expectation of privacy in a conversation include "the manner in which the oral communication is made and the kind of communication," and "the location in which the conversation or communication occurs." Stevenson v. State, 667 So. 2d 410, 412 (Fla. 1st DCA 1996). Thus, " '[c]onversations occurring inside an enclosed area or in a secluded area are more likely to be protected under section 934.02(2).' " Id. at 412 (quoting Cinci v. State, 642 So. 2d 572, 573 (Fla. 4th DCA 1994) (finding no reasonable expectation of privacy where conversation occurred in an apartment building

courtyard)); see also Chandler v. State, 366 So. 2d 64, 70 (Fla. 3d DCA 1978) (finding no reasonable expectation of privacy in open-air conversations held over walkie-talkies).

In Stevenson, 667 So. 2d 410, the Fourth District determined a statement did not qualify as oral communication where a defendant's conversation was overheard by the police using bionic ears. Stevenson, while sitting in his van, spoke through an open window to two men standing on a public street. The men were conducting a drug deal with Stevenson. The court noted that "the parties took no action to ensure privacy for their conversation—they met on a public street and did not attempt to enter the van to converse." Id. at 412. The court went on to conclude that the claimed expectation of privacy is not one that society would recognize as reasonable. Id. at 413.

In this case, Mr. Abdo argues that the video and voice recording, taken while he was a passenger in his own vehicle, was taken without his knowledge or consent under circumstances in which he had an expectation of privacy and thus should be protected under chapter 934. Significantly, there was no testimony provided at the hearing on Mr. Abdo's motion for protective order. After argument of counsel, the trial court took the matter under consideration and apparently later viewed the recording.

Based upon a review of the recording, the trial court found the communication was made in a moving vehicle in broad daylight while travelling down public roads, and the recording was less than forty-two seconds long. The trial court found it was unclear how many people were in the vehicle, whether Mr. Abdo was aware of the recording, who recorded the video, and what was said on the recording. The trial court then found the communication in question "was not made 'exhibiting an expectation that such communication is not subject to interception under circumstances

justifying such expectation.' "  The court concluded that the communication in question is not subject to exclusion under chapter 934.

The trial court departed from the essential requirements of law by reaching such a conclusion based only upon its review of the video where the communication was made by Mr. Abdo in an enclosed vehicle, which was owned by him, while the vehicle was in motion.  Furthermore, Mr. Abdo is not a party to the criminal cases in which the State seeks to introduce the recording as evidence, and there is no allegation that Mr. Abdo was a participant in criminal activity, a factor relied on in Stevenson and Inciarrano to conclude the statements were not protected.

Under the known circumstances in this case, there was insufficient evidence for the court to conclude that the communication lacked a reasonable expectation of privacy and was thus not subject to exclusion under chapter 934.  The order of the trial court is quashed, and the cause is remanded for an evidentiary hearing on the motion for protective order.

Petition granted; order quashed; remanded.


NORTHCUTT and WALLACE, JJ., Concur.