# Third District Court of Appeal

## State of Florida

Opinion filed July 25, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1807
Lower Tribunal No. 14-5562B

_____

**The State of Florida,**
Appellant,

vs.

**Yonisley Garcia,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Dennis J. Murphy, Judge.

Pamela Jo Bondi, Attorney General, and Jonathan Tanoos, Assistant Attorney General, for appellant.

George T. Pallas, P.A., and George T. Pallas, for appellee.

Before LAGOA, LOGUE, and LINDSEY, JJ.

LOGUE, J.

The State of Florida seeks review of the trial court's order suppressing recordings taken by members of the animal rights organization, Animal Recovery Mission (ARM) documenting the slaughter of pigs on a farm. We reverse and remand for an evidentiary hearing.

Background

The defendant, Yonisley Garcia, was charged with aggravated animal cruelty in violation of sections 828.12(2) and 777.011, Florida Statutes (2013). The charges arose after the defendant was filmed slaughtering pigs to be sold for meat. The defendant and his co-defendants allegedly shot the pigs, and if the pigs did not immediately die, they drowned them in cauldrons.

The defendant filed a motion to suppress the videos on the basis that they were obtained in violation of the prohibition against surreptitious recordings contained in section 934.06, Florida Statutes (2016). He argued that the events occurred on a private farm where he had a reasonable expectation of privacy. The ARM members, he asserted, lied about their true identities and purpose in order to enter the private property, and they did not disclose that they were carrying recording devices.

In response to the motion to suppress, the State argued that the pigs were sold and slaughtered on property that was open to the public. According to the State, a sign posted at the entrance of the property read "Animals for Sale," and the

2

State asserted that the public was permitted to walk onto the property to purchase a slaughtered pig. The prosecutor proffered that the video recordings showed the defendants talking to other individuals who were on the property to purchase pigs.

At the hearing, no testimony was taken and no evidence was admitted into the record. Instead, the trial court heard only argument from the lawyers for the parties. The lawyers initially agreed on certain facts. For example, they agreed that two ARM members went to the property at issue with recording devices disguised as wrist watches. The State presented a photo of the property where the pigs were killed, but it was not entered into evidence. As argument proceeded, however, it became apparent that there was no agreement on the critical facts.

Nevertheless, at the end of the hearing, the trial court granted the motion to suppress. It did so based on certain factual findings. For example, the trial court found that the remote location, the nature of the property, and the general circumstances gave the defendant a reasonable expectation of privacy. The court further found that the ARM members were not acting as private citizens, but "rather as a de facto arm of the State" for the purposes of obtaining evidence of criminal behavior to turn over to the State. This appeal followed.

<u>Analysis</u>

A trial court's order on a motion to suppress will not be disturbed where the findings are supported by competent substantial evidence. See <u>State v. Johns</u>, 920

3

So. 2d 1156, 1156-57 (Fla. 2006) ("Factual findings are entitled to deference and reversal is possible only if the findings are not supported by competent, substantial evidence.").

Section 934.03, Florida Statutes prohibits the interception and disclosure of wire, oral, or electronic communications unless the parties involved give prior consent. Prohibited intercepted oral communications may not be used as evidence. More specifically, section 934.06 provides:

> Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the state, or a political subdivision thereof, if the disclosure of that information would be in violation of this chapter. The prohibition of use as evidence provided in this section does not apply in cases of prosecution for criminal interception in violation of the provisions of this chapter.

In order to prevail on his motion to suppress under this statute, the defendant "must not only have had a subjective expectation of privacy, but also his expectation under the circumstances must have been one that society is prepared to accept as reasonable." State v. Inciarrano, 473 So. 2d 1272, 1275 (Fla. 1985). This expectation is not reasonable where "[t]he intercepted communication was made in an open, public area rather than in an enclosed, private, or secluded area." Stevenson v. State, 667 So. 2d 410, 412 (Fla. 1996).

4

Here, the trial court's grounds were sufficient to grant the motion if those grounds were supported by the record. The problem is the trial court's key factual findings are not supported by competent substantial evidence simply because no evidence was taken. We acknowledge that the proceedings were somewhat confused because both the State and the defendant appear to be under the impression that the other party agreed with their factual assumptions. When this turned out not to be the case, however, the court could not resolve the disputed factual versions in the manner it did without taking evidence.

Given the lack of evidence supporting the factual findings on which the order is based, we reverse and remand for an evidentiary hearing. See Abdo v. State, 144 So. 3d 594 (Fla. 2d DCA 2014).

Reversed and remanded.