[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-10769
Non-Argument Calendar
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 19, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-61385-CV-PCH

JOHN WILLIAMS,

Plaintiff-Appellant,

versus

ROBERT B. CARNEY,
MICHAEL WEISS, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 19, 2005)**

Before BLACK, HULL and WILSON, Circuit Judges.

PER CURIAM:

John Williams appeals the district court's dismissal of his complaint, in which he alleged violations of:  (1) the Fourth and Fourteenth Amendments, pursuant to 42 U.S.C. §§ 1983 and 1985; (2) section 934.10, Florida Statutes;[1] and (3) state law governing "intentional torts," "abuse of process," and "intentional infliction of emotional distress."  We affirm the district court.

## I.  BACKGROUND

In his *pro se* complaint, Williams alleged Weiss and Anderson, two attorneys for Billing, Cochran, Heath, Lyles, Mauro & Anderson, P.A. (Billing, Cochran), illegally recorded statements he made at an aborted deposition.  He also alleged Judge Carney considered these recorded statements before compelling the taking of his deposition, imposing sanctions on him, and revoking his *pro hac vice* status in a case brought by a corporation affiliated with Williams against the city of Fort Lauderdale, which was represented by Billing, Cochran.  Williams attached as exhibits to his complaint transcripts of the aborted deposition and the hearing in which Judge Carney allegedly used these statements to sanction him.

The district court dismissed his complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted.  Williams asserts the district court erred in finding:  (1) Judge Carney was entitled

---

[1] Section 934.10, Florida Statutes provides a civil remedy for the unlawful interception, disclosure, or use of wire, oral, or electronic communications.

to absolute judicial immunity; (2) Williams had no reasonable expectation of privacy in his statements at issue; (3) Weiss, Anderson, and Billing, Cochran, were not "state actors" for purposes of § 1983; and (4) Weiss, Anderson, and Billing, Cochran were entitled to assert Florida's litigation privilege as a defense to suit.

## II. DISCUSSION

We review de novo the grant of a motion to dismiss, taking as true the facts as alleged in the complaint.[2] *Doe v. Pryor*, 344 F.3d 1282, 1284 (11th Cir. 2003). Motions to dismiss are only granted "when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Spain v. Brown & Williamson Tobacco Corp.*, 363 F.3d 1183, 1187 (11th Cir. 2004) (citation omitted). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

### A. *Judicial immunity*

Under the doctrine of judicial immunity, a judge is entitled to absolute judicial immunity from damages for those acts taken: (1) while acting in a judicial

---

[2] Because Williams' exhibits were attached to his complaint, the district court did not err in considering them without converting the motion to dismiss into a summary judgment request. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997).

3

capacity; unless (2) acting in the clear absence of all jurisdiction. *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000). Whether an act is done within a judge's judicial capacity is determined by "the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Mireles v. Waco*, 112 S. Ct. 286, 288 (1991). As to the second requirement, a judge does not act in the "clear absence of all jurisdiction" when he acts erroneously, maliciously, or in excess of his authority, but rather when he acts without *subject matter* jurisdiction. *Dykes v. Hosemann*, 776 F.2d 942, 947–48 (11th Cir. 1985).

"Injunctive relief shall not be granted" in an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." *Bolin*, 225 F.3d at 1242 (quotation omitted). Declaratory relief is available if a plaintiff establishes a violation, a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law. *Id*.

Judge Carney's state court orders compelling the taking of Williams' deposition, imposing sanctions on Williams, and revoking his *pro hac vice* status, as well as any "use" of Williams' "intercepted" statements, were judicial acts because they were normal judicial functions in a case pending before him, occurred

4

in his courtroom, and arose from dealings with him in his official capacity. Moreover, even assuming the truth of Williams' allegations, that Judge Carney improperly considered the intercepted statements before entering his orders, Judge Carney did not act in the "clear absence of all jurisdiction," as he still had subject matter jurisdiction over the proceedings, regardless of a particular act. *See Dykes*, 776 F.2d at 947–48. As such, the district court did not err in dismissing Williams' claims for monetary damages against Judge Carney under the doctrine of judicial immunity.

Moreover, Williams sought two forms of injunctive relief. First, he asked for an injunction "from further disclosure and use of the aforesaid communication and the other material integrated and packaged in the motion improperly presented to, and used by the defendant Judge Carney to penalize plaintiff." However, Williams failed to allege what "serious risk of continuing irreparable injury" he faced absent such relief. Indeed, he admitted in his complaint he voluntarily dismissed the prior state suit. Without such an allegation, declaratory relief was unavailable to him, and the district court did not err in dismissing this claim. *See Bolin*, 225 F.3d at 1242.

Williams also asked for a "mandatory injunction" directing the removal and destruction of any court files containing his statements. This claim also fails

because there was an adequate remedy at law, namely, an extraordinary writ, such as a writ of mandamus, to compel the proper parties to remove and destroy these papers. *See Bolin*, 225 F.3d at 1242. Thus, the district court did not err in dismissing Williams' claims for injunctive relief against Judge Carney.

B. *Section 934.10, Florida Statutes*

Section 934.10, Florida Statutes provides a civil remedy for persons whose wire, oral, or electronic communications are intercepted, disclosed, or used in violation of sections 934.03–.09, Florida Statutes. "Oral communication" is defined as "any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation . . . ." § 934.02(2), Fla. Stat. "From this language, it is clear that the legislature did not intend that every oral communication be free from interception without the prior consent of all the parties to the communication." *State v. Inciarrano*, 473 So. 2d 1272, 1275 (Fla. 1985). Rather, "[a] reasonable expectation of privacy under a given set of circumstances depends upon one's actual subjective expectation of privacy *as well as whether society is prepared to recognize* this expectation as reasonable." *Id.* (emphasis in original). In determining reasonableness under this provision, Florida's courts look to Fourth Amendment jurisprudence. *Brandin v. State*, 669 So. 2d 280, 282 n.2 (Fla. 1st

6

DCA 1996). Factors used include the location where the communication occurs, the manner in which the communication is made, and the kind of communication at issue. *Stevenson v. State*, 667 So. 2d 410, 412 (Fla. 1st DCA 1996).

Exhibits to the complaint showed Williams, who appears to be a licensed attorney in New York, made his statements at an aborted deposition after he had introduced himself and objected to the proceedings and the recording of his statements. Yet, after he made these objections, Williams directed the statements at issue to those present. These statements, as well as the manner in which they were made, concerned a public proceeding and even if not to be recorded, were not qualified, in advance, as confidential, privileged, or private. Thus, the statements were not communications that society is prepared to recognize as falling under an objective expectation of privacy. *See Inciarrano*, 473 So. 2d at 1275 (finding an individual has no reasonable expectation of privacy in statements made with intent to do harm to another). Accordingly, the district court did not err in dismissing his section 934.10 claims, as his statements were not "oral communications" within the meaning of that provision.

C. *Section 1983*

In order to prevail in a § 1983 action, "a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." *Griffin*

*v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). In order for a private party to be considered a "state actor," we have held one of three conditions must be met: (1) the state has coerced or at least significantly encouraged the action alleged to violate the Constitution; (2) the private party performed a public function that was traditionally the exclusive prerogative of the state; or (3) the state had so far insinuated itself into a position of interdependence with the private party that it was a joint participant in the enterprise. *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001).

Assuming *arguendo* that a private attorney, representing a city in a civil action, is a "state actor" for § 1983 purposes, and further assuming these attorneys were "state actors," Williams failed to allege sufficient facts to show a violation of a federal right. *See Calhoun v. Lillenas Publishing*, 298 F.3d 1228, 1230 n.2 (11th Cir. 2002) (holding we "may affirm the district court on different grounds as long as 'the judgment entered is correct on any legal ground regardless of the grounds addressed, adopted or rejected by the district court'"). The district court did not err in dismissing Williams' § 1983 claims against Weiss, Anderson, and Billing, Cochran.

8

While the Supreme Court has expressly held the Fourth Amendment protects against the "recording of oral statements," it has also held "[w]hat a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection." *Katz v. United States*, 88 S. Ct. 507, 511–12 (1967). Taking Williams' allegations as true, his remarks were made publicly, for all those within earshot to hear. Under these circumstances, he cannot show the Fourth Amendment precludes the recording of such statements.

Moreover, Williams also failed to allege sufficient facts to establish a procedural or substantive due process violation under the Fifth Amendment. "Procedural due process requires notice and an opportunity to be heard before any governmental deprivation of a property interest." *Zipperer v. City of Fort Myers*, 41 F.3d 619, 623 (11th Cir. 1995) (citations omitted). The substantive due process clause "protects only those rights that are 'fundamental,' that is, rights that are 'implicit in the concept of ordered liberty.'" *McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994) (en banc) (citation omitted).

Williams did not allege any facts he was denied notice or an opportunity to be heard. Rather, he alleges that a court reporter—not named as a defendant—recorded his statements made to opposing counsel at an aborted deposition, and the law firm and attorneys used that statement to seek to compel

9

his deposition and obtain an order revoking his *pro hac vice* status. Such actions do not invoke a "fundamental right implicit in the concept of ordered liberty." As such, Williams has failed to allege facts sufficient to establish the deprivation of a fundamental right.

D. *Litigation privilege*

Under Florida law, "absolute immunity must be afforded to any act occurring during the course of a judicial proceeding . . . so long as the act has some relation to the proceeding." *Green Leaf Nursery v. E.I. DuPont De Nemours and Co.*, 341 F.3d 1292, 1302 n.8 (11th Cir. 2003). This litigation privilege "extends not only to the parties in a proceeding but to . . . counsel as well." *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994). As such, this privilege bars tort claims based on counsel's conduct during the course of litigation. *See Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1275–76 (11th Cir. 2004) (holding Florida's litigation privilege barred suit against attorneys). Further, we have held "Florida law suggests that the Florida courts would agree that 'events taking place outside the courtroom during discovery . . . [are] deserving of the protection of the [litigation] privilege . . . .'" *Id.* at 1276.

Williams based his state tort law claims on an attorney's conduct at an aborted deposition and at a subsequent hearing on a motion to compel. Such conduct by an attorney at a judicial proceeding is protected by absolute immunity under Florida's litigation privilege. Moreover, as discussed above, none of the Appellees engaged in criminal actions under Florida law, and thus Williams' argument that the privilege was waived necessarily fails.[3]

## III. CONCLUSION

The district court did not err in: (1) finding Judge Carney was entitled to absolute judicial immunity; (2) finding Williams had no reasonable expectation of privacy in his statements at issue; (3) dismissing Williams' § 1983 claims against Weiss, Anderson, and Billing, Cochran; and (4) concluding Weiss, Anderson, and Billing, Cochran were entitled to assert Florida's litigation privilege as a defense to suit.

AFFIRMED.

---

[3]Although the district court relied on *Rooker v. Fidelity Trust Co.*, 44 S. Ct. 149 (1923), and *D.C. Court of Appeals v. Feldman*, 103 S. Ct. 1303 (1983) (the *Rooker-Feldman* doctrine) to dismiss Williams' federal law claims against Judge Carney, we do not address this issue because it is unnecessary to the resolution of this case.