[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 3, 2006
THOMAS K. KAHN
CLERK

No. 06-10740
Non-Argument Calendar

_____

D. C. Docket No. 04-61385-CV-PCH

JOHN WILLIAMS,

Plaintiff-Appellant,

versus

MICHAEL WEISS,
HAL ANDERSON,
BILLING, COCHRAN, HEALTH, LYLES,
MAURO & ANDERSON, P.A.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 3, 2006)**

Before DUBINA, BLACK and HULL, Circuit Judges.

PER CURIAM:

John Williams filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, against attorneys Michael Weiss and Hal Anderson, and their law firm, Billing, Cochran, Heath, Lyles, Mauro & Anderson, P.A (collectively, Billing Cochran). In a prior appeal, we affirmed the district court's dismissal of Williams' complaint.[1] *See Williams v. Carney*, 157 F. App'x 103 (11th Cir. 2005). Williams now appeals the district court's grant of Billing Cochran's motion for Rule 11 sanctions against him. He argues the district court failed to give sufficient reasoning as to why it imposed sanctions. We agree and, therefore, vacate and remand the district court's order for further explanation.

A district court's award of Rule 11 sanctions is reviewed for abuse of discretion. *Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001). Rule 11 permits imposing sanctions on an attorney, law firm, or party as the court deems appropriate. Fed. R. Civ. P. 11(c). When the district court orders sanctions, it must describe the conduct it determined warranted sanctions and explain the basis for the sanctions imposed. Fed. R. Civ. P. 11(c)(3); *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1295 (11th Cir. 2002). "[A] district court abuses its discretion by imposing sanctions on a plaintiff and his attorney absent findings that the plaintiff and his attorney violated Rule 11." *Baker v. Alderman*, 158 F.3d 516, 526 (11th

---

[1] Although Williams raises arguments as to our holding in his previous appeal, we will not address those arguments in the present appeal.

Cir. 1998).

Here, the magistrate judge issued an order granting Rule 11 sanctions against Williams, but failed to explain its reasons for doing so. It subsequently issued a report and recommendation that calculated the amount to be paid and the reasons for that amount, but again failed to explain why it ordered sanctions in the first place. The district court adopted the magistrate's report without further explanation. As a result, this Court has no record for review to determine whether the district court abused its discretion in awarding Rule 11 sanctions. Accordingly, we vacate the order granting Rule 11 sanctions and remand for further explanation in accordance with this opinion.

**VACATED AND REMANDED.**